**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-20906
Summary Calendar
_____


AMERICAS INSURANCE COMPANY,

                              Plaintiff-Appellant,

                VERSUS

        SCHLUMBERGER LIMITED, et al.,

                              Defendants,

            SCHLUMBERGER LIMITED

                    and

        SCHLUMBERGER TECHNOLOGY CORPORATION,
        formerly known as Geco-Prakla Inc.,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-1451)
_____

March 24, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Americas Insurance Company ("Americas") appeals a dismissal of its declaratory judgment action against Schlumberger, Ltd., and Schlumberger Technologies Corporation f/k/a Geco-Prakla, Inc. (collectively, "Schlumberger"), for want of subject matter jurisdiction. Finding no error, we affirm.

I.

This action stems from four lawsuits pending against Schlumberger in Texas state court (the "Hidalgo Suits"), in which over 1,000 plaintiffs have alleged that they suffered property damage and bodily injury during seismographic operations conducted by Geco-Prakla, a Schlumberger subsidiary. The plaintiffs seek roughly $200 million in actual and punitive damages. The first of the lawsuits is scheduled for trial in September 1997, with mandatory pre-trial mediation to be completed by July 31, 1997.

At all times relevant to the actions alleged in the Hidalgo Suits, Travelers Indemnity Company provided primary insurance coverage to Schlumberger under a comprehensive general liability policy, while Americas provided additional primary coverage. The Travelers policy has a duty to defend that Schlumberger has invoked in the Hidalgo Suits. Schlumberger has not requested that Americas provide a defense, nor does it contend that the Americas policy contains a defense obligation.

Americas brought the instant action seeking a declaration that it has a duty neither to defend nor to indemnify Schlumberger for

2

the Hidalgo Suits, as the underlying actions alleged in the Hidalgo Suits did not result from a covered "occurrence" under the policy. Further, Americas contends that any duty to indemnify that may have existed is no longer available to Schlumberger because it failed to comply with the "timely notice" requirements of the policy. Upon motion from Schlumberger, the district court dismissed for want of subject matter jurisdiction, finding that the action was not yet ripe.

## II.

We review the dismissal *de novo*. *See Home Capital Collateral, Inc. v. FDIC*, 96 F.3d 760, 762 (5th Cir. 1996). Although the Declaratory Judgment Act, 28 U.S.C. § 2201, is remedial in nature and is to be construed liberally to achieve its purposes, it is designed to permit adjudication of claims only where there is an actual case or controversy and an adjudication would serve a useful purpose. *See Allstate Ins. Co. v. Employers Liability Assurance Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971). A case is ripe for adjudication where it is not "abstract or hypothetical. The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *New Orleans Public Serv., Inc. v. Council of the City of New Orleans* (hereinafter "*NOPSI*"), 833 F.2d 583, 586 (5th Cir. 1987) (citations omitted). "A case is generally ripe if any

3

remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Id.* at 587 (citing *Thomas v. Union Carbide Agric. Prod. Co.*, 473 U.S. 568, 581 (1985).

Americas contends that the remedial purposes of the Declaratory Judgment Act can be satisfied only by determining Americas's obligations to indemnify under the insurance policy prior to the pre-trial mediation of the Hidalgo Suits in July 1997. Otherwise, Americas contends, it will face "the dilemma of choosing between funding settlements of claims where it believes there is no coverage, or facing liability in excess of its policy limits." Although we do not doubt the possibility that, should the mediation or an ultimate trial on the merits of the Hidalgo Suits result in a damages award in excess of the coverage provided by the Travelers policy, such a dilemma may in fact present itself, such "'some day' intentions" do not create a justiciable case or controversy. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992).

Where, as in the instant case, a judgment has not yet been rendered against the insured, we have held previously that no action for declaratory relief will lie, as "until such judgment comes into being, the liabilities are contingent and may never materialize." *Allstate*, 445 F.2d at 1281 (citing *American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmers' Mut. Casualty Ins. Co.*, 280 F.2d 453 (5th Cir. 1960)). Americas's potential

4

injury is not yet "sufficiently likely to happen to justify judicial intervention," *Chevron*, 987 F.2d at 1153-54, nor are the remaining issues necessary to determine its potential liability "purely legal." *NOPSI*, 833 F.2d at 587.

AFFIRMED.